# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**ANTHONY MAROTTA,**     CASE NO.

    **Plaintiff,**

v.

**CALHOUN COUNTY SCHOOL BOARD,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, ANTHONY MAROTTA, hereby sues Defendant, CALHOUN COUNTY SCHOOL BOARD, and alleges:

## JURISDICTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981a.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, ANTHONY MAROTTA, has been a resident of the State of Florida and employed by Defendant in Calhoun

County. Plaintiff is a member of a protected class because of his gender (male) and because he reported unlawful employment practices and has been retaliated against thereafter.

4. At all times pertinent hereto, Defendant, CALHOUN COUNTY SCHOOL BOARD, has been organized and existing under the laws of the United States. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action, in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a white male, was first hired by the Calhoun County School Board as a teacher for the 2016-2017 school year.

7. At the time of his interview with Defendant, Plaintiff was told that he would never be placed in a lower grade because males were not "nurturing or maternal enough" and could not understand the younger children's needs.

2

8. Despite his dedicated work performance during his employment with Defendant, Plaintiff has been subjected to a disparate treatment, different terms and conditions of employment, and was held to a different standard because of his gender (male) and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

9. The disparate treatment and retaliation came at the hands of specifically but not limited to Principal Pam Bozeman who is a female.

10. Plaintiff was held to a different standard than his female coworkers in that Teacher Kim Peacock, Teacher (f/n/u) Morevack, and other female teachers, arrived to work late on multiple occasions and were issued no discipline. However, when Plaintiff arrived late once, he was issued a reprimand.

11. In or about August 2016 Plaintiff complained to his mentor Regina Daniels about unwanted sexual harassment from a female teacher. Plaintiff was told to write a statement and submit it to Principal Bozeman, which he did.

12. Ms. Bozeman then took the letter to the accused party and revealed that Plaintiff had written a letter against her. Not surprisingly, the accused party denied the allegations.

13. Principal Bozeman then told Plaintiff that if he wanted to pursue the claim, she would report it to the Florida Department of Education but that she

3

would be keeping the letter and there was to be no interaction between Plaintiff and the accused party. Further Principal Bozeman told Plaintiff "so long as you keep your mouth closed about all of this, it will stay between us."

14. Further, after a Parent Teacher Conference (PTC) with an irate parent, Plaintiff was pulled into Principal Bozeman's office and told that he must have mishandled the PTC because he didn't have the maternal instinct and because of his gender. Plaintiff was precluded from providing his version of events.

15. Principal Bozeman then ordered Plaintiff to go home without pay for that day. Upon remembering there was a teacher training that day, Plaintiff asked if he needed to stay for the meeting and then go home without pay. Principal Bozeman then called Plaintiff a "condescending asshole" and railroaded Plaintiff for about fifteen (15) minutes before apologizing for insulting and threatening him.

16. Principal Bozeman also contrived allegations that Plaintiff had not bonded with any students despite Plaintiff having received praise from several student's parents about how happy their children were in Plaintiff's classroom.

17. After Plaintiff's first year, and for the 2017-2018 school year, he was told he was being given Title I resource responsibilities and was being pulled out of the classroom; thereafter, Plaintiff was replaced by a female.

18. The principal told Plaintiff the position duties were made up as they went along. This is indicated by the degree of variance in the tasks Plaintiff was assigned to perform, including without limitation, taking deliveries, working the book fair, garbage duties, occasional teaching and helping with breakfast.

19. In or around March 2018 Plaintiff had made numerous telephone complaints to superintendent Ralph Yoder and described feeling unsafe in what he believed was a hostile work environment as well as being afraid of retaliation.

20. Superintendent Yoder went so far as to ask Plaintiff if he could survive the rest of the year, to which Plaintiff responded "No, not without some help." Superintendent Yoder told Plaintiff that he would see what he could do.

21. At the end of the 2017-2018 school year Plaintiff was called in and told his contract was not going to be renewed.

22. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutes referenced above.

## COUNT I
## GENDER DISCRIMINATION

23. Paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

24. This is an action against Defendant for discrimination based upon gender.

25. Plaintiff has been and continues to be the victim of discrimination on the basis of his gender in that he was treated differently than similarly situated employees of Defendant who are females and has been subject to hostility and poor treatment on the basis, at least in part, of his gender.

26. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and has failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

27. Furthermore, Defendant has knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it has allowed the differential treatment and participated in same.

28. Defendant's known allowance and ratification of these actions and inactions actions created, has perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

29. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the statutes referenced above.

30. The discrimination complained of herein has affected a term, condition, or privilege of Plaintiff's employment with Defendant. The events set forth herein have led, at least in part, to adverse actions against Plaintiff including without limitation his termination.

31. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of the statutes referenced above.

32. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## RETALIATION

33. Paragraphs 1 through 22 are re-alleged incorporated herein by reference.

34. This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him

35. Defendant is an employer as that term is used under the applicable statutes referenced above.

36. The foregoing unlawful actions by Defendant were purposeful.

37. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and has been the victim of retaliation thereafter.

38. The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

39. Plaintiff is a member of a protected class because he reported unlawful employment practices and has been the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

40. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record by CM/ECF this 19th day of July, 2019.

/s/ Marie A. Mattox
Marie A. Mattox